**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ARTURO BRIONES GARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2273-J** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Arturo Briones Garcia, a citizen of Mexico proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **DENIED**.

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is a citizen of Mexico who entered the United States on an unknown date. (Doc. 8, at Ex. 1). Petitioner alleges he has been in the United States since he was a year and 19 days old and that he is now 32 years old. (Doc. 1, at Ex. 1, at 1).

- DHS/ICE records indicate that in September 2025, Petitioner was convicted of theft of property greater than $100 and less than $750. (Doc. 8, at Ex. 2, at 4).

- On or about May 27, 2026, the Corsicana, Texas, police department arrested Petitioner for theft of property greater than $750 and less than $2,500, generating a lead to ICE. (Doc. 8, at Ex. 2, at 2-3).

- On May 31, 2025, Petitioner was transferred to ICE custody, (*id*. at 3), and served with an ICE arrest warrant, (Doc. 8, at Ex. 3), and Notice to Appear charging him as an alien present in the United States who has not been admitted or paroled, (*id*. at Ex. 1).

- An immigration judge ordered Petitioner removed to Mexico on August 6, 2026, and Petitioner reserved his right to appeal. (Doc. 8, at Ex. 5). Petitioner alleges that he filed an appeal of his removal order on August 21, 2026. (Doc. 1, at 5). EOIR Automated Case Information indicates that an appeal was received on September 21, 2026, which is listed as currently pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 10, 2026). Thus, Petitioner is not yet subject to a final order of removal.

- Petitioner filed the Petition on August 30, 2026. (Doc. 1, at 9).

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. Violation of 8 U.S.C. 1231(a)(6) because he has "been detained by ICE beyond the removal period authorized by statute" and "ICE is not likely to remove me in the near future." (Doc. 1, at 6).

2. His detention violates the Fifth Amendment's due process clause because "ICE is depriving [him] of [his] right to liberty" and he has "been detained by ICE for a prolong[ed] period." (*Id.*)

3. His wife and four children are United States citizen[s] who will face extreme emotional difficulties if he were to get deported. (*Id.*)

4. He "won the DACA and [has had] it since 2012." (*Id.* at 7).

As relief, Petitioner requests immediate release from custody. (*Id.*)

Respondents assert that because of Petitioner's criminal history, he is subject to mandatory detention under 8 U.S.C. § 1226(c). (Doc. 8, at 6-7). They also argue that Petitioner has not demonstrated a substantive or procedural due process violation. (*Id.* at 8-10).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Section 1226(c) Applies to Petitioner's Detention and Permits Mandatory Detention.

Prior to the entry of a final removal order, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. While § 1225 provides for mandatory detention in certain circumstances, an alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while she awaits removal

proceedings because she is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). However, § 1226(c) authorizes mandatory detention pending entry of a final removal order for certain criminal non-citizens.

Liberally construed, Petitioner challenges the legal basis for his continued immigration detention. (Doc. 1). Respondents contend Petitioner is properly detained under § 1226(c). (Doc. 8, at 6-7). Section 1226(c)(1)(E) provides that "the Attorney General shall take into custody any alien who" meets two conditions. First, the non-citizen must be inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), (a)(6)(C), or (a)(7). 8 U.S.C. § 1226(c)(1)(E)(i). Petitioner has been charged with being inadmissible under § 1182(a)(6)(A).[3] (Doc. 8, at Ex. 1, at 1). The second condition is that the non-citizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting." 8 U.S.C. § 1226(c)(1)(E)(ii). ICE records indicate that in September 2025, Petitioner was convicted of theft of property greater than $100 and less than $750. (Doc. 8, at Ex. 2, at 4), and that on or about May 27, 2026, the Corsicana, Texas, police

[3] Petitioner asserts he "won the DACA" and has had "it since 2012." (Doc. 1, at 7). Form I-821D is for individuals seeking consideration of deferred action for childhood arrivals. *See* United States Citizen and Immigration Services, https://www.uscis.gov/i-821d (last accessed Nov. 13, 2026). Records provided by Respondent show that Petitioner's Form I-821D "expired on" November 27, 2019. (Doc. 8, at Ex. 2, at 2). So, to the extent DACA status is relevant to whether an individual is inadmissible under 8 U.S.C. § 1182(a)(6)(A), it is not relevant here where Petitioner's status expired.

department arrested Petitioner for theft of property greater than $750 and less than $2,500. (*id*. at 2-3). Thus, § 1226(c) governs, and Petitioner is subject to mandatory detention. *See Jennings*, 583 U.S. at 305-06 (concluding "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes"). The Court should deny Petitioner's claim that his detention violates the Immigration and Nationality Act or the due process clause.

**V. Recommendation and Notice of Right to Object**

For the reasons discussed above, the undersigned recommends that the Petition for habeas relief, (Doc. 1), be **DENIED**.

**The Court advises the parties of their right to object to this Report and Recommendation by December 4, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 13th day of November, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE